UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                              403CV010

UNITED STATES CURRENCY
TOTALING $18,997.89,

Defendant.

**O R D E R**

In this 21 U.S.C. § 881(a)(6)[1] illegal drug civil forfeiture action, inmate/claimant John R. Futch *succeeded* in his quest to retrieve currency the government conceded was wrongfully seized from him. Doc. # 102. Futch then complained that the government had not paid him the interest due him on the money. Doc. # 113 (attaching a copy of this Court's 12/1/05 Order directing such payment; *see also* doc. # 111 (that Order). He thus filed a "Motion for Verification," doc. # 113, which this Court granted. Doc. # 114. After the government paid that, the Court closed this case. Doc. # 116 (Order entered 2/1/06).

On 3/22/06, Futch filed (an inmate, he signed

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 JUN 14  AM 11: 47

CLERK _____
SO. DIST. OF GA.

it on 3/20/06)[2] a "Second Request Pursuant to 28 U.S.C. [§] 2465 for Cost of Wrongful Seizure," in which he now demands compensation for the losses he suffered from the government's seizure of his cash. By taking his money, he contends, the government interfered with his ability to make payments on three vehicles on which he owed finance payments. Doc. # 118 at 3-4.

Thus, he "moves this Court for an order that the Government pay for any cost related to the wrongful seizure." *Id.* at 4. His supplemental request seeks a specific dollar amount, $186,052.68. Doc. # 119 at 2. He also has written the undersigned letters (attached to this Order) about related state court proceedings.[3]

---

[1] 21 U.S.C. § 881(a)(6) provides for the civil forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title."

[2] *See Leal v. Georgia Dep't. of Corrections*, 254 F.3d 1276, 1277 (11th Cir. 2001) (prison mailbox rule re: filing dates for incarcerated litigants); *U.S. v. Uribe-Londono*, 2006 WL 932582 at * 2 n. 2 (1st Cir. 4/12/06) (unpublished); *U.S. v. One Urban Lot # 14,126 Located At 3-76 Paseo Las Vistas, Cayey*, 155 Fed.Appx. 524, 524 (1st Cir. 2005); Fed. R.App. P. 4(c).

[3] The Court warned Futch against doing this in its 1/27/05 Order. Doc. # 98 at 1 n. 1. Once again, letters are not welcome in this Court. Motions, briefs, etc., get filed; letters get lost. The law places the burden upon litigants, not judges, to create their own record by filing record materials -- including legal arguments best presented in a *motion or brief* -- directly with the Clerk of Court. *See In re Unsolicited Letters to Federal Judges*, 120 F.Supp.2d 1073 (S.D.Ga. 2000); *see also* GA.CT.APP.R. 24 ("Parties are not permitted to file letter briefs nor letter cites"); *Thomas v. Schouten*, 210 Ga.App. 244, 244 (1993) (appeals court was barred from considering letter allegedly constituting request for hearing on summary judgment motion, as letter, which was attached to appellate brief, was not part of record and, thus, not properly before court). *Any further Futch letters shall be discarded*

The Court is under a continuing obligation to examine its own jurisdiction. *Mirage Resorts, Inc. v. Quiet Nacelle, Corp.*, 206 F.3d 1398, 1400-1401 (11th Cir. 2000). The Court closed this case (hence, entered a final order) on 2/1/06 and Futch took no appeal. Some 47 days later, he filed a motion seeking more money from the government. It is too late under F.R.Civ.P. 59(e) (ten days), and Futch does not bother to invoke, much less justify, F.R.Civ.P. 60. *See Mirage*, 206 F.3d at 1401. Hence, the Court finds that it has no jurisdiction to do what Futch in effect requests: alter its judgment. *See id.*

Even were the Court still vested with jurisdiction to act on Futch's request and construe it as some sort of Rule 60(b) motion, nevertheless he could have raised this issue earlier in this case, so now he is too late. *U.S. v. U.S. Currency in Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or less*, ___ F.Supp.2d ___, 2006 WL 1330026 at * 3 (E.D.N.Y. 5/16/06) (Court would not entertain, on government's motion for reconsideration of order in civil forfeiture action enforcing settlement agreement providing for return of seized funds, either arguments that settlement was obtained through fraud and misrepresentation, which had been presented in narrower context in opposing enforcement of settlement, or arguments of newly discovered evidence suggesting that funds would be used to finance terrorism, which was known before government entered into settlement).

For that matter, Futch shows no statutory authority to grant his request in any event. *See*

28 U.S.C. § 2465.[4]  Put another way, Congress was quite specific in enumerating what the government shall be liable for in this context, and consequential damages is not one of them.

Accordingly, John R. Futch's "Second Request Pursuant to 28 U.S.C. [§] 2465 for Cost of Wrongful Seizure" (doc. # 118, *as supplemented*, doc. # 119) is ***DENIED***.

This /*3* day of June, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The statute reads, in relevant part:

> (1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for--
>
> > (A) reasonable attorney fees and *other litigation costs* reasonably incurred by the claimant;
> > ....
>
> (2) (A) The United States shall not be required to disgorge the value of any intangible benefits *nor make any other payments to the claimant not specifically authorized by this subsection.*

28 U.S.C. § 2465(b) (emphasis added). "Litigation costs" means the costs normally incurred in litigation, *not* consequential damages, which is what Futch seeks here.

---

*unread.*